No. 21,018.

FRANK E. FORBES, Administrator of the Estate of CHANG W.
KIM, Deceased, *Appellee,* v. THE ATCHISON, TOPEKA &
SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Railroad—Death of Employee—Negligence—
Allegations and Findings—No Variance.* The fact that the negligence
of the railroad company, in an action for the death of an engine
wiper, was pleaded as the failure to give the decedent notice of an
insufficient clearance, while the finding of the jury was that the
negligence consisted of maintaining such insufficient clearance, held
not to have been material under the circumstances of the case.

2. SAME—*Employee—Under Direction of Employer—No Contributory
Negligence.* The evidence held sufficient to support a finding that,
notwithstanding a general rule that engine wipers were not to work
upon an engine while in motion, the decedent in this case had been
specially directed to do so, and therefore that the effect of the rule
was nullified.

3. SAME—*Negligence—Instructions.* The instructions with respect to
the company's negligence held to have been nonprejudicial in view of
the findings referred to.

4. SAME—*Death—Amount of Recovery—Instructions.* The trial court
having instructed that an element of damage was the financial loss
by the decedent's wife, not exceeding the probable amount she would
have received from his earnings had it not been for his death, it is
held that reversible error was not committed in the failure to limit
the recovery on this account to the present value of such future earn-
ings, no instruction in that regard having been requested.

5. SAME—*Findings of Fact.* The findings of fact held to have been sup-
ported by the evidence.

6. SAME—*Death¹ of Employee—Verdict Not Excessive.* An allowance
to the widow of $1250 on account of her estimated pecuniary loss
from the death of her husband held not to be large enough to justify
interference by this court, although it was not shown that the money
sent to her during an absence of thirteen years exceeded $110, the
wife being in Korea and the husband in this country.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion filed October 6, 1917. Affirmed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all
of Topeka, for the appellant.

*Frank G. Drenning,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Chang Wha Kim, an engine wiper in the employ of the Atchison, Topeka & Santa Fe Railway Company, was killed while engaged in wiping the tender of a locomotive while in motion, by being crushed against the corner of the roundhouse, at a point where the clearance was about nine inches. An action was brought under the federal employers' liability act against the company for the benefit of his widow, living in Korea. Judgment was rendered for the plaintiff for $2000, of which $750 was for pain and suffering endured by the deceased, and $1250 for the pecuniary loss of the widow. The defendant appeals.

1. The negligence specifically pleaded was the failure of the defendant to warn the decedent of the narrow clearance between the tender and the corner of the roundhouse. The specific negligence found by the jury was the insufficiency of the clearance. The variance in this regard is suggested by the defendant but not pressed. We do not regard the distinction as important. If the decedent was killed while in the performance of his duty, without negligence on his part—as the jury found—the negligence of the defendant is hardly debatable, whether it be expressed as the maintenance of an obstruction so near the track, or the failure to give warning of the resulting danger.

2. The principal contention of the defendant is that the decedent had been instructed not to work upon engines while in motion, and that therefore he was not killed while in the performance of duty, and his death was not due to any negligence of the company. The jury found specially that he had been instructed at the time of his employment not to ride upon engines or to clean them while they were in motion. But they also found that his duty required him to ride on the tank or tender of the engine at the time of the accident, and that he had been instructed to begin work on this engine as soon as it came in. The controversy turns upon whether there was evidence to support the latter findings. It appears that it takes about an hour and a half to wipe an engine completely. This engine was to go out at noon, and had arrived a little before eleven o'clock. It therefore obviously could not be com-

pletely cleaned by the ordinary procedure. The foreman of the roundhouse testified that (presumably on this account) he gave directions that only the jacket should be wiped, which would take about thirty minutes; and that the wipers knew that only the jacket was to be wiped, and that this was to be done at the water tank, to which the engine was on the way when the injury occurred. The decedent's boss, who was in immediate charge of the wipers, testified that he told them to go to the tank and wipe the jacket of the engine. On the other hand, one of the wipers testified that the boss told them the engine was coming in and said, "As soon as it gets in let us go out and work on it"; that he did not say that only the jacket was to be wiped, or that the work was to be done at the water tank, or give any other instructions; that the deceased was killed while doing the part of the cleaning which fell to him according to the established custom. The evidence justified the inference that the same instructions were given to the decedent as to this witness, and no others, except that the witness testified that while he was at work on the jacket he heard the boss tell the decedent to go to work on the tank (on the tender). We think the evidence, although conflicting, gave a fair basis for a finding that while the usual rule was for the wipers not to work upon an engine while in motion, they were given specific directions to do so in the present case, because of exceptional conditions. In that situation, as we understand the defendant practically concedes, the special order would nullify the effect of the general rule. (3 Labatt's Master & Servant, 2d ed., § 1137.)

3. Complaint is made of an instruction in which it was said that the maintenance of a track so close to the roundhouse wall as to endanger the safety of employees in the performance of their duties was negligence. This is objected to as, in effect, undertaking to decide the issue of the defendant's negligence. It left open, however, the question whether the deceased was killed while in the performance of his duty, which was one way of stating the vital question in the case. The form of this instruction, and of others on the subject of the defendant's liability, is rendered of little importance by the findings of the jury already referred to, to the effect that the decedent had been instructed to begin work on the engine as

soon as it came in, and that his duty required him to be on the tender at the time of his injury.

4. The jury were instructed that in case of a recovery by the plaintiff an element of damage was the financial loss suffered by the decedent's wife, not exceeding the sum of his probable earnings which she would have received had it not been for his injury and death. This instruction is criticised, on the authority of *Ches. & Ohio Ry. v. Kelly*, 241 U. S. 485, because it made no allowance for interest on the amount recovered, and therefore made it possible for the widow to receive a larger amount of money than the jury found she would have received from her husband if he had lived. In the case cited the trial court refused a request for an instruction that the recovery should be for the present cash value of the reasonable expectation of pecuniary advantage to the dependents, and the state court of last resort, whose decision was reversed, held that the jury need not concern itself with questions of interest, discount and present cash value. Here the attention of the trial court was not called to the matter. If it had been the instruction given would doubtless have been modified accordingly. It was not incorrect as it stood, and in the absence of a request for a more specific statement no reversible error was committed. That principle has been applied in a number of closely similar cases. (*Brown v. Erie Railroad Co.*, 87 N. J. L. 487; *Bourke v. Butte, etc., Power Co. et al.*, 33 Mont. 267; *Kinney v. Folkerts*, 84 Mich. 616.)

5. A number of the findings of fact are complained of as not supported by the evidence. We regard this objection as met by what has already been said.

6. The final complaint is that the amount allowed as the pecuniary loss of the widow—$1250—is excessive, inasmuch as it was not shown that in thirteen years her husband had sent her more than $110, his expectancy being 31.7 years. The extent of her pecuniary loss was not capable of exact measurement. The estimate is affected to some extent by the character, conduct and plans of the decedent, and does not depend solely upon the amount of money shown to have been sent to his wife. We do not regard the allowance made as large enough to justify interference by this court.

The judgment is affirmed.